# In the United States Court of Appeals for the Fifth Circuit

———————————

No. 24-10367

TEXAS BANKERS ASSOCIATION, ET AL.,
*Plaintiffs-Appellees,*

*v.*

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL.,
*Defendants-Appellants*

———————————

**OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION TO POSTPONE ORAL ARGUMENT**

———————————

Appellants, the federal banking agencies ("Agencies"), have filed a motion to postpone oral argument, currently scheduled for February 4, 2025, by approximately three months. The Agencies (at 2) claim that this postponement is warranted because new leaders at two of the Agencies need "time to evaluate the current posture of the case before continuing with the appeal." Appellees oppose the Agencies' eleventh-hour request for three reasons.

*First*, Appellees and their member banks have a strong interest in reaching final judgment and obtaining a permanent injunction. The

1

challenged Final Rules will impose substantial compliance costs on Appellees' members, forcing banks to reshape lending across the country to comply with expanded CRA evaluations. *See* ROA.268–71, 602–05. Some of those costs already were incurred before the preliminary injunction issued. *See, e.g.*, ROA.324, 605. And as the district court found, all of these compliance costs are unrecoverable. ROA.602–03. Although the preliminary injunction remains in place, that injunction, by definition, is only preliminary. Even if the district court's order is affirmed by this Court, the case will return to district court where litigation will continue on the merits. Meanwhile, Appellees will be left in limbo while they await a final determination of whether they will be subject to the Final Rules' burdensome regime. The impact of that uncertainty can be diminished by adhering to the existing argument schedule and proceeding toward final judgment.

*Second*, the Agencies are the ones who took this *interlocutory* appeal and sought a stay of the district court proceedings pending appeal. If the Agencies no longer have confidence in their position on appeal, they can simply dismiss this interlocutory appeal, allow the proceedings to resume in the district court, and then advise the district court if and when they change their

position. There is no need to delay the progress of this case toward final judgment by postponing oral argument in this interlocutory appeal.

*Third*, the Agencies' request is plainly dilatory. The Agencies have known since November 2024 that there would be a change in presidential administrations. Now, with oral argument just 12 days away, they seek to delay this Court's ability to rule on the preliminary injunction. The Agencies offer no justification for waiting until effectively the eve of oral argument to make this request. Moreover, Appellees are justifiably concerned about the risk of indefinite delay. While the Agencies say (at 2) they will advise the Court of their position "not later than one month before the new argument date," the Agencies do not rule out the possibility they will seek further extensions of that self-imposed deadline. Moreover, the Agencies have not committed to changing their position—meaning that postponing oral argument ultimately may have no effect other than to delay the conclusion of this appeal.

Given that this interlocutory appeal is fully briefed and oral argument is scheduled to occur in just 12 days, Appellees respectfully request that the Court deny the Agencies' motion and hold argument on February 4, 2025, as scheduled. If, after denial of their motion, the Agencies prefer not to proceed with this interlocutory appeal, they may voluntarily dismiss the appeal, return

3

to the district court, and advise the district court when and if they change their position.

Like the Agencies, Appellees respectfully request that the Court rule on the Agencies' motion as soon as practicable, so that the parties can plan and act accordingly.

Dated: January 23, 2025

THOMAS PINDER
ANDREW DOERSAM
AMERICAN BANKERS ASSOCIATION
   *1333 New Hampshire Ave., N.W.*
   *Washington, DC 20036*
   *(202) 663-5035*

Respectfully submitted,

/s/ *Matthew Nicholson*

RYAN SCARBOROUGH
JESSE SMALLWOOD
MATTHEW NICHOLSON
WILLIAMS & CONNOLLY LLP
   *680 Maine Avenue, S.W.*
   *Washington, DC 20024*
   *(202) 434-5000*
   *mnicholson@wc.com*

JENNIFER B. DICKEY
MARIA C. MONAGHAN
U.S. CHAMBER LITIGATION CENTER
   *1615 H Street N.W.*
   *Washington, DC 20062*
   *(202) 313-8543*

*Counsel for Plaintiffs-Appellees*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fed. R. App. P. 27(d)(2), this document contains 563 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Expanded BT, size 14.

<u>/s/ Matthew Nicholson</u>

*Attorney for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were filed with the Clerk's Office for the United States Court of Appeals for the Fifth Circuit using the electronic CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

<u>/s/ Matthew Nicholson</u>

*Attorney for Plaintiffs-Appellees*