No. 24-10367

———————————

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

———————————

TEXAS BANKERS ASSOCIATION, ET AL.,

*Plaintiffs-Appellees*,

v.

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL.,

*Defendants-Appellants*.

———————————

## DEFENDANTS-APPELLANTS' UNOPPOSED MOTION TO STAY PENDING COMPLETION OF NEW RULEMAKING PROCEEDINGS

———————————

Defendants-Appellants jointly move for a stay of this appeal pending the completion of new rulemaking proceedings, which, as will be proposed, would moot the appeal. In support of this motion, Defendants-Appellants state as follows:

1.     This appeal is of a preliminary injunction of a joint rulemaking by the Board of Governors of the Federal Reserve System, the Office of the Comptroller of the Currency, and the Federal Deposit Insurance Corporation (collectively, the federal banking agencies or "FBAs"). Plaintiffs-Appellees allege that in October

2023 the FBAs exceeded their statutory authority in issuing a Final Rule implementing the Community Reinvestment Act of 1977 ("CRA").

2.     The district court preliminarily enjoined the Final Rule from taking effect, and the FBAs appealed to this Court. Oral argument in this case was set to occur on February 4, 2025, but the FBAs moved for a three-month postponement to allow new leadership at the FDIC and OCC time to evaluate the current posture of the case. ECF 154. The Court granted the motion. ECF 164.

3.     In their motion, the FBAs calculated that the new argument date would fall within the Court's session occurring from April 28 to May 1, 2025. ECF 154 at 2. The FBAs indicated that they would provide an update to the Court not later than one month before the new argument date. *Id.*

4.     The FBAs today announced their intent to issue a proposal to both rescind the Final Rule issued in October 2023 and reinstate the CRA framework that existed prior to the October 2023 Final Rule.  *See* Joint Press Release (Mar. 28, 2025), *available at*:

https://www.federalreserve.gov/newsevents/pressreleases/bcreg20250328a.htm;

https://www.fdic.gov/news/press-releases/2025/agencies-announce-intent-rescind-

2023-community-reinvestment-act-final; and https://occ.gov/news-issuances/news-releases/2025/nr-ia-2025-26.html.

5.     The FBAs are required to follow notice-and-comment procedures for this process. *See* 5 U.S.C. § 551(5) (indicating that "rule making" includes "repealing a rule"); 5 U.S.C. § 553 (requiring notice-and-comment procedures for rulemakings). If the Final Rule is rescinded and replaced, as will be proposed, this litigation would be moot. *See Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023) ("mootness is the default" when a "regulation is amended or repealed after plaintiffs bring a lawsuit challenging the legality of that . . . regulation").

6.     In appeals to this Court involving rulemaking challenges, this Court has granted motions to stay the appeals to allow agencies to undertake new rulemaking proceedings. *See, e.g., Texas v. EPA*, No. 23-40306, ECF 29 (5th Cir. July 14, 2023) (granting stay "pending publication of a new final rule"); *Coalition for Workforce Innovation v. Su*, No. 22-40316, ECF 27 (5th Cir. June 10, 2022) (granting stay "pending [agency's] completion of new rulemaking proceedings"); *Texas Medical Ass'n v. U.S. Dept. of Health & Human Servs.*, No. 22-40264, ECF 19 (5th Cir. May 3, 2022) (granting motion to stay "pending ongoing rulemaking proceedings"); *State of Nevada v. Dept. of Labor*, No. 17-41130, ECF 22 (5th Cir. Nov. 6, 2017) (granting motion to stay "pending the outcome of the new

rulemaking"); *Nat'l Federation of Indep. Bus. v. Acosta*, No. 17-10054, ECF 70 (5th Cir. June 15, 2017) (placing case "in abeyance . . . pending the [agency's] rulemaking process"). The same process is appropriate here.

7.     The FBAs contacted Plaintiffs-Appellees on March 28 to determine their position on this motion, and Plaintiffs-Appellees indicated that they do not oppose the request for a stay.

For the foregoing reasons, the FBAs respectfully request that the Court grant this motion to stay, with the FBAs to file a status report not later than every six months.

Dated: March 28, 2025

Respectfully submitted,

 /s/ *Nicholas Jabbour*
Mark Van Der Weide, General Counsel
Richard M. Ashton, Deputy General Counsel
Joshua P. Chadwick, Assistant General Counsel
Nicholas Jabbour, Senior Counsel
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, NW
Washington, DC 20551
nick.jabbour@frb.gov
Phone: (202) 815-7450

*Counsel for Defendants-Appellants Board of Governors of the Federal Reserve System and Jerome Powell, in his Official Capacity*

 /s/ *Ashley W. Walker*
Patricia S. Grady, Deputy Chief Counsel
Peter C. Koch, Director for Litigation
Jason E. Friedman, Assistant Director, Litigation
Ashley W. Walker, Special Counsel, Litigation
Office of the Comptroller of the Currency
400 7th Street SW, Mailstop 9E-1
Washington, DC 20219
ashley.walker@occ.treas.gov
Phone: (202) 649-6315

*Counsel for Defendants-Appellants Office of the Comptroller of the Currency and Rodney Hood, in his Official Capacity*

 /s/ *Michelle Ognibene*
Matthew P. Reed, Acting General Counsel
Floyd I. Robinson, Deputy General Counsel
Dominic A. Arni, Acting Assistant General Counsel
J. Scott Watson, Senior Counsel
Michelle Ognibene, Counsel
Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, VA 22226-3500
mognibene@fdic.gov
Phone: (703) 562-2121

*Counsel for Defendants-Appellants Federal Deposit Insurance Corporation and Travis Hill, in his Official Capacity*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 28, 2025, I electronically filed the foregoing brief with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are CM/ECF users and that service will be accomplished by using the appellate CM/ECF system.

/s/ *Nicholas Jabbour*
Nicholas Jabbour
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, NW
Washington, DC 20551
nick.jabbour@frb.gov
Phone: (202) 815-7450

## <u>CERTIFICATE OF COMPLIANCE</u>

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 581 words, according to the count of Microsoft Word. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it was prepared in Times New Roman 14-point font, a proportionally spaced typeface.

 */s/ Nicholas Jabbour*
Nicholas Jabbour
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, NW
Washington, DC 20551
nick.jabbour@frb.gov
Phone: (202) 815-7450